[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15160
Non-Argument Calendar

_____

D. C. Docket No. 05-80019-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERAL ROBERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 13, 2006)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Jeral Roberson appeals his conviction for knowingly and intentionally

distributing at least 50 grams of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). On appeal, Roberson argues that the government violated his right of fundamental fairness by failing to preserve the crack cocaine evidence so he could independently reweigh it. Roberson contends that the government knew that the weight of the crack cocaine was a key factor in the case and that their storage method resulted in weight loss, yet it had not performed any research to develop better ways to preserve evidence. Roberson argues that the government's action meant that the defense could not rebut the government's testimony regarding drug quantity because any loss in weight will be attributed to evaporation. Roberson argues that the government's failure to preserve the drugs in light of its knowledge of the inadequacy of its storage system and the importance of the drug quantity constituted bad faith. Roberson argues that the government's conduct here was intentionally, or, at best, recklessly indifferent to the defense's right to an accurate reweighing of the evidence.

A district court's bench trial findings of fact are reviewed to determine whether they are clearly erroneous. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).

A defendant in a drug prosecution has a due process right to have an expert of his choosing perform an independent analysis on the seized substance. United

2

States v. Nabors, 707 F.2d 1294, 1296 (11th Cir. 1983). The government has a responsibility to try in good faith to preserve material evidence. Id. In order to show that the loss of evidence by the government constitutes a denial of due process, Roberson must show that the evidence was likely to contribute to his defense. California v. Trombetta, 467 U.S. 479, 488, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984). "To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489, 104 S.Ct. at 2534 (citation omitted). In addition, Roberson must show that the government acted in bad faith in losing the potentially useful evidence in order to show a due process violation. Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988).

Contrary to the government's contention, any loss of the crack cocaine due to evaporation was prejudicial to Roberson, at least at sentencing. As shown in the case, the drug weight of 53.7 grams, obtained in April 2004, implicated the higher 10-year statutory minimum, and Roberson had a vested interest in independently verifying this, not the lesser drug quantity remaining before trial. Although the government argues that any error would not be prejudicial because Roberson

3

stipulated that he agreed to sell over 50 grams of crack cocaine, the actual amount sold is the relevant figure because the indictment did not charge him with entering into an illegal agreement, or attempting to violated the law, but with committing the illegal act of possession with intent to distribute. If the amount Roberson stipulated controlled the issue, then it would have been unnecessary to hold a bench trial on the drug quantity.

Nevertheless, we hold that Roberson was not denied due process because there was no showing of bad faith by the government. The record shows that the Drug Enforcement Agency's ("DEA") storage practices for evidence are consistent with procedures used in other storage laboratories. Specifically, the government presented testimony that the DEA stores narcotics evidence in a climate-controlled vault, which is standard practice for all DEA and state laboratories. The record demonstrates that some loss of a crack cocaine sample due to evaporation through the permeable plastic bags was inevitable over time. While both experts testified that freezing controlled substance samples could decrease degradation, they also both testified that they were not sure how effective this method would be, were not aware of any research confirming this hypothesis, and did not know of any laboratories employing this method with controlled substances. At most, the record demonstrates that there was a possible alternative method of storing

4

controlled substances that would better preserve evidence. While the government has the duty to act in good faith to preserve evidence, this duty is not necessarily violated if the government is not utilizing the best procedure available to preserve evidence. Overall, the record demonstrates that the government complied with accepted standard procedures in storing the evidence and, thus, did not act in bad faith. Therefore, Roberson has failed to show a due process violation because he failed to show that the government acted in bad faith in storing the crack cocaine sample.

**AFFIRMED.**